UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN ANDRE ANDERSON,<br><br>                    Plaintiff,<br>     v.<br><br>MIKE PRIEBE,<br><br>                    Defendants. | Case No. 2:23-cv-00871-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR SEPTEMBER 8, 2023 |

This matter comes before the Court on Plaintiff's filing of an amended proposed civil rights complaint. Dkt. 5. Plaintiff is proceeding *pro se* and has filed a motion for leave to proceed i*n Forma Pauperis* (IFP). *Id.* After reviewing Plaintiff's initial proposed complaint, the Court issued an order to show cause outlining the complaint's deficiencies and provided Plaintiff with an opportunity to show cause why his cause of action should not be dismissed, or file an amended complaint. This matter has been referred for review to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

Plaintiff has not corrected the deficiencies in his complaint. Thus, for reasons discussed below, Plaintiff's IFP application should be DENIED and this case should be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In order to state a claim for relief under Section 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a Section 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a

plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff seems to claim that he was discriminated against by his employer, Mike Priebe, and requests that the Court order Defendant to pay Plaintiff according to the terms of his contract and for loss of wages. Dkt. 5 at 9. Plaintiff, however, does not provide further detail. In the Court's order to show cause, Plaintiff was informed that private parties do not act under the color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991). A private individual's action may be "under color of state law" only where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir.2002).

To determine whether a private actor acts under color of state law for Section 1983 purposes, courts look to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, Plaintiff brings a complaint against a private citizen – Mike Priebe – and Cappys Boxing Gym. As both named Defendants appear to be private parties that are not acting under color of state law, and Plaintiff as not shown otherwise in his amended proposed complaint, a Section 1983 claim is inappropriate.

Accordingly, the Court should DISMISS Plaintiff's complaint prior to service. In light of this recommended disposition, the Court also recommends that Plaintiff's request to proceed *in forma pauperis* also be denied.

## CONCLUSION

Because Plaintiff failed to cure the deficiencies the Court previously identified, Plaintiff's complaint should be DISMISSED, and Plaintiff's IFP application should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also*

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. See *Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 8, 2023**, as noted in the caption.

Dated this 22nd day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge